**FILED**

**JANUARY 23, 2009**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | No. 04 C 8134 |
| corporation, OFFICER DUANE | ) | |
| BLACKMAN, Star Number 13615, | ) | Hon. Judge John Darrah |
| LISA MADIGAN, | ) | |
| Illinois Attorney General, sued | ) | |
| in her official capacity, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' BILL OF COSTS**

The Plaintiff, by and through his attorneys, DVORAK, TOPPEL & BARRIDO, LLC,

respectfully requests this Honorable Court deny the Defendants' Bill of Costs. In support, the

Plaintiff states as follows:

I.    THE PLAINTIFF SHOULD NOT BE REQUIRED TO PAY COSTS TO THE
      DEFENDANTS, AS THE PLAINTIFF IS INDIGENT, UNABLE TO PAY ANY
      JUDGMENT, NOW OR IN THE FUTURE.

First, the Plaintiff objects to the entry of a bill-of-costs judgment because the Plaintiff is

indigent, and cannot pay – now or in the future – any judgment against him, much less the

$5,826.40 sought by the Defendants. "It is within the discretion of the district court to consider a

plaintiff's indigency in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631,

634 (7th Cir. 2006) (collecting cases). In this case, the Plaintiff has demonstrated his indigency,

and his inability to pay any judgment, now or in the future. See Exhibit A (Plaintiff's Affidavit).

The Plaintiff has also demonstrated that he falls below the federal poverty guidelines for a three-

person household – $17,600 per year – thus making him legally indigent, per the United States

Department of Health and Human Services 2008 HHS Poverty Guidelines.  See

www.aspe.hhs.gov/poverty/08overty.shtml; citing Federal Register, Vol. 3, No. 15, January 23,

2008, pp. 3971-3972.

In this case, unlike in *Rivera*, where the Seventh Circuit remanded the issue due to the

Plaintiff's failure to set forth her financial condition in an affidavit, the Plaintiff here has provided

a detailed affidavit setting forth his inability to pay any civil judgment.  Moreover, in this case,

unlike in *Rivera*, the Plaintiff has no outstanding judgment he can collect from in the future.

Therefore, this Court should deny the Defendants' requests for costs based on the Plaintiff's

indigency, and inability to pay any judgment, now or in the future.  See, *e.g.*, *Badillo v. Cent. Steel*

*& Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) (affirming the district court's denial of the

Defendants' bill of costs based on the plaintiff's affidavit concerning his indigency).

II.     THE DEFENDANTS FAIL TO EXPLAIN WHY THEY NEEDED TO EXPEND
        $5,826.30 IN LITIGATION COSTS IN A CASE THAT DID NOT GO TO TRIAL, THE
        DEFENDANTS DID NOT RELY ON ANY DEPOSITIONS IN SUPPORT OF THEIR
        MOTION FOR SUMMARY JUDGMENT, AND THE DEFENDANTS DID NOT EVEN
        TAKE THE PLAINTIFF'S DEPOSITION.

        A.      The Defendants' Requested Court Reporter Fees are Excessive and Non-
                Compensable.

This Court should reject the Defendants' request of $1,892.60 in fees for deposition

transcript costs, as none of these depositions were necessary to the Defendants' victory, and

alternatively, the reimbursement costs sought are excessive.  In *Correa v. Illinois Dep't of*

*Corrections*, No. 05 C 3791, 2008 U.S. Dist. LEXIS 7540 (1/29/08) (Darrah, J.) (Exhibit B), this

Court explained the standard of proof Defendants must meet before a district court is to award

costs to a prevailing party:

> The costs of transcripts 'necessarily obtained for use in the case' are authorized by 28 U.S.C. § 1920(2).  The 'transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'' *Correa*, 2008 U.S. Dist. LEXIS 7540, at *4; quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

First, the court-reporter costs were not "reasonably necessary" to the Defendants' victory because the Defendants' summary judgment motion did not cite one deposition taken in this case[1], and was based entirely on the pleadings and public records.  See Dkt. Nos. 146-149.  Thus, this Court should deny all of the court-reporter costs, as obtaining copies of these depositions was totally unnecessary, not 'reasonably necessary' costs that were required to be expended in order to obtain summary judgment.  Alternatively, if this Court does award costs for this expense, it should not force the Plaintiff to reimburse the City a $120 no-show fee when City employee Edwin Rivera failed to show for his November 15, 2007 deposition, nor should the Plaintiff be required to pay a $120 no-show fee when City employee Robert Peabody also failed to show for his January 17, 2008 deposition.  Moreover, the rest of the depositions were of City witnesses, the original of which was ordered by the Plaintiff, and thus the Defendants should only be reimbursed at a rate of $0.83 per page for the first copy of the transcript, not the $2.25 per page request from the City. *Correa*, 2008 U.S. Dist. LEXIS 7540, at * 4.

---

[1] In their Reply, the Defendants cite the Plaintiff's trial and appeal records, as well as the depositions of Jeremiah Brooks and Officer Rickey Fobbs, but all of these exhibits were raised by the Plaintiff, a courtesy copy of which was given to the Defendants prior to their reply being due, and the Defendants' position was that these documents were irrelevant to the issue before this Court (See Dkt. No. 173).  Thus, it was not "reasonably necessary" to obtain copies of these trial and appellate records, as well as copies of the depositions of Brooks and Fobbs, in order for the Defendants to make their case to this Court that summary judgment should have been granted.

B.      The Defendants' Requested Copying Costs are Excessive and Non-Compensable.

This Court should also deny the Defendants' request for $1,039.20 in copying costs.  It

appears the Defendants are requesting to be reimbursed for two copies of every document filed in

this case, at a rate of $0.15 per page.  This Court explained in *Mihailovich v. Laatsch*, No. 99 C

4780, 2002 U.S. Dist. LEXIS 1089 (1/24/02) (Darrah, J) (Exhibit C), "A party may recover costs of

copies provided to the court and opposing counsel; it cannot recover costs for copies for its own

use." *Mihailovich*, 2002 U.S. Dist. LEXIS 1089, at *6.  However, under the electronic filing

system, the opposing counsel gets a copy of each document filed sent to him free of charge.  Thus,

copies would only be compensable for those copies of filed documents copied for delivery to this

Court.   The Defendants fail to explain why $.015 per page is a reasonable copy rate, nor do the

Defendants explain which documents it needed to copy to present to this Court, and thus none of

these costs should be reimbursed. *Mihailovich*, 2002 U.S. Dist. LEXIS 1089, at *6 (disallowing

$1,531.33 in copying costs based on the defendants' failure to explain why these costs were

reasonably necessary, how many pages were copied, and whether the costs of the copies were

reasonable).  As for the costs of copying non-pleading documents – such as letters to and/from

opposing counsel and the copying costs of the Plaintiff's criminal court transcripts – the

Defendants similarly fail to demonstrate to whom these documents were sent, why two copies of

each needed to be made, why $0.15 is reasonable, and why the copies were necessary to obtain

judgment in this case.  These costs should also be denied. *Id*.

C.      The Defendants Should Not Be Reimbursed for the Witness Fee of Jeremiah
        Brooks.

Next, this Court should deny the $43 witness fee paid to Jeremiah Brooks, as Mr. Brooks

was an inmate at the time of his deposition (Exhibit D) (Affidavit of Richard Dvorak).  A witness

may be paid $40 per day for each day's attendance.  *Mihailovich*, 2002 U.S. Dist. LEXIS 1089, at

*7.  However, 28 U.S.C. § 1821(f) specifically states that incarcerated witnesses shall not be paid a

witness fee.  Thus, this request in the bill of costs should be denied.

> D.      The Defendants Should Not Be Reimbursed for the "Other" Fees that They Fail to
>         Explain Were Reasonably Necessary to Obtain Summary Judgment.

Next, the Defendants should not be allowed to recover their "other" costs, as they fail to

explain what these costs are, much less why they were reasonably necessary to obtain summary

judgment.  The Defendants give no explanation why a $36 expense related to the Brown Co.

Sheriff's Office was reasonably necessary, and thus this cost should be denied.  *Mihailovic*h, 2002

U.S. Dist. LEXIS 1089, at *6.   Moreover, an attorney's travel expenses are not recoverable costs.

(*Mihailovich*, 2002 U.S. Dist. LEXIS 1089, at *10), and thus this $248.81 request should be

denied.  Finally, the Defendants fail to explain why they should receive a $197.12 reimbursement

for color copies, nor do they explain why it was necessary to incur $1, 297.51 in expenses related

to "OCR, CD/DVD Burn" costs, and thus their failure to explain why these costs were reasonably

necessary should result in the disallowance of reimbursement for these costs.  *Mihailovich*, 2002

U.S. Dist. LEXIS 1089, at *6.  For the same reasons, the Defendants' request to be reimbursed

$300 for "Concordance Training" (whatever that is), should also be denied.  *Id*.  Finally, the

Defendants request to be reimbursed $2,215.52 in copying costs for the Plaintiff's medical and

work records should also be disallowed because the Defendants fail to explain why the copying of

these records were "reasonably necessary" to obtain summary judgment, especially in light of the

fact that the Defendants did not take the Plaintiff's deposition, and none of these records were cited

in the Defendants' motion for summary judgment.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court deny the

Defendants' Bill of Costs.

Respectfully Submitted,

/s/ Richard Dvorak

_____
Richard Dvorak, Attorney for the Plaintiff

Richard Dvorak
DVORAK, TOPPEL & BARRIDO, LLC
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (Fax)