

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, et al. )<br>)<br>Defendants. ) | No. 04 C 8134<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes on for ruling on a bill of costs filed by Defendants as the prevailing party. It seeks costs in the amount of $5,826.20.

### Plaintiff's Claim of Indigence

A defendant's victory in a civil suit creates a presumption under Rule 54(d) of the Federal Rules of Civil Procedure that he is entitled to recover costs under 28 U.S.C. § 1920. *Rivera v. City of Chicago*, 469 F.3d 631, 634-35 (7th Cir. 2006) (*Rivera*). If the district court denies the request for costs, it must articulate a strong explanation as to why it decided to deny costs. *Rivera*, 469 F.3d at 635-36. One of the criteria that could guide a court's decision on whether or not to award costs to a prevailing defendant is a plaintiff's plea of indigence supported by an affidavit, articulating the income and expenses facing the plaintiff. See *Rivera*, 469 F.3d at 635. Here, Plaintiff filed the requisite affidavit laying out his current and future income and expenses. Unfortunately, Plaintiff's plea of indigence contained within the affidavit falls short of the Seventh Circuit's rigorous and demanding standard. *See Rivera*, 469 F.3d at 636 (citing with approval *Denson v. Northeast Illinois Regional Commuter Railroad Corporation*, 2003 WL 21506946, (N.D. Ill. June 27, 2003)). In *Denson*, the plaintiff filed an

affidavit, attesting that she had not worked for over eight months, she supported herself, her two children and a grandchild, she had no savings, and she received supplemental security income benefits. The court held that while the plaintiff was presently indigent, the affidavit did not support a finding that she would be unable to pay the costs in the future. The court awarded costs but stayed the execution of the judgment until the plaintiff's circumstances changed.

Here, Plaintiff is only 32 years old and, despite his medical issues, has current employment. Moreover, Plaintiff and his family seem to have a workable (albeit not substantial) monthly surplus from which the costs can be taxed. While Plaintiff could arguably be considered "presently indigent," like the plaintiff in *Denson*, Plaintiff's affidavit does not articulate or support an inference that his indigence is or will be permanent. Without such information, this Court must tax costs according to the strictures of Seventh Circuit precedent and the plain language of Rule 54(d) and 28 U.S.C. §1920.

## Costs To Be Taxed

A district court may not tax a prevailing party's costs to the losing party under Rule 54(d) unless the specific expense is authorized by a federal statute. *Little v. Mitsubishi Motors N. Amer.*, 514 F.3d 699, 701 (7th Cir., 2008) (*Little*). Recoverable costs include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies made for its own use. *Correa v. Ill. Dep't. of Corr.*, 2008 U.S. Dist. Lexis 7540 at *4 (*Correa*) (citing *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000).

*Deposition Costs*

Plaintiff claims that Defendants' claim of $2.25 per transcript page should be reduced to $0.83 per transcript page because Plaintiff, and not Defendants, ordered and paid for the originals. Plaintiff is correct: each of the City's claims for a $2.25 fee are reduced to $0.83 per page and recalculated accordingly under *Correa*. See *Correa* at *4.

Plaintiff is correct in arguing that the $120 "no-show" fees are not recoverable under § 1920; therefore, both $120 charges are denied. Moreover, Defendants' request for fees in conjunction with "Advantage Reporting Services: Deposition of Jeremiah Brooks 10/17/07" are denied for failure to provide adequate information as to how the claimed costs were computed or reasonably necessary. Additionally, per *Correa*, all of Defendants' connected claims for "Condenscript," "CD," and "Exhibit Photocopying" are denied as the costs were clearly incurred for Defendants' use and not for the use of the court or opposing counsel. Deposition costs are awarded in the total amount of $1,062.40.[1]

---

[1] Itemized chart of deposition claims and adjustment:

| Name of Deponent/Description | Pages | Claimed Cost ($) | **Adjusted Award ($)** |
|---|---|---|---|
| Court Rptr Valeaie Ramsey | 0 | 9.13 | **9.13** |
| J. Brooks | Unknown | 582.10 | **0** |
| E. Rivera | 0 | 120.00 | **0** |
| P. Newby | 46 | 103.50 | **38.18** |
| E. Muhammad | 77 | 173.25 | **63.91** |
| B. Kelly | 56 | 126.00 | **46.48** |
| E. Rivera | 79 | 177.75 | **65.57** |
| R.R. Fobbs | 180 | 405.00 | **149.40** |
| G. Horkavy | 99 | 222.75 | **82.17** |
| R. Pebody | 0 | 120.00 | **0** |
| J. Boock | 84 | 189.00 | **69.72** |

*Copying Costs*

Plaintiff argues that the $0.15 per-page charge is not reasonable. Plaintiff argues that the City's failure to articulate the reasonableness of the $0.15 charge requires disallowance. However, in the case law cited by Plaintiff, this Court found a $0.10 per-page charge for copy costs is reasonable. *See Correa* at *3. Therefore, the Defendants' claim for copy charges are changed from $0.15 to $0.10 per page. Plaintiff also makes a persuasive argument that the City is overstating its claimed copying costs. According to Plaintiff, the electronic filing system provides opposing counsel copies of filed paper work gratis. Accordingly, each of the City's claims under the copying heading are halved.

Defendants have claimed copying costs of $1,039.20. Divided by the Defendants' charge of $0.15 per page, Defendants are claiming to have copied 6,928 pages. 6,928 pages multiplied by the reasonable rate of $0.10 per page adjusts Defendants' claim from $1039.20 to $692.80.

| G. Baiocchi | 141 | 317.25 | 117.03 |
| --- | --- | --- | --- |
| J. Farrell | 103 | 231.75 | 85.49 |
| K. Barnas | 70 | 157.50 | 58.10 |
| R. Aguinaga | 93 | 209.25 | 77.19 |
| J. Lukas | 108 | 243.00 | 89.64 |
| D. Yurisich | 19 | 42.75 | 15.77 |
| T. Gannon | 37 | 83.25 | 30.71 |
| L. Munoz | 77 | 173.25 | 63.91 |
| | **TOTAL** | 3,686.48* | 1,062.40 |

* Defendants failed to correctly sum the total amount for deposition costs in its own request. Defendants claimed that all of the charges in the "Claimed Costs" column in the above chart (which itself was taken verbatim from the Defendants' own itemized list) equaled $1,892.60. Defendant does not offer an explanation as to how it reached this clearly erroneous total.

*Witness fee for Jeremiah Brooks*

Plaintiff argues that the City is barred by 28 U.S.C. § 1821(f)[2] from seeking reimbursement for paying Jeremiah Brooks because he was incarcerated. Plaintiff is correct, and therefore Defendants are barred from recovering that cost.

*Other Fees*

Plaintiff challenges each of Defendants' itemized "Other Expenses." Defendants fail to substantiate why the expense for the Brown County Sheriff's Office was reasonably necessary; therefore, it is denied.

Plaintiff is correct that traveling expenses are not recoverable. *See Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975) (Wahl)(traveling expenses incurred in attending depositions, pretrial conferences, and trial, as well as expenses incurred in making investigations "are not recoverable as costs.") Defendants' request for reimbursement for traveling is denied. Plaintiff also attacks the validity of the color copies and the "CD/DVD burn" costs. Without further explanation from Defendant, this Court finds these costs are not reasonably necessary. Therefore, this request is denied.

Plaintiff attacks the validity of the "Concordance Training" claim. Using a Google search, this Court has found that "Concordance Training" is a program offered by Lexis-Nexis to help litigators manage cases.[3] While it certainly looks helpful, it certainly is not reasonably necessary and, therefore, is denied.

---

[2] "Any witness who is incarcerated at the time that his or her testimony is given (except for a witness to whom the provisions of Section 3144 of Title 18 apply) may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section."

[3] *See* http://law.lexisnexis.com/concordance/features.

Plaintiff challenges Defendants' request to be reimbursed for copying costs connected to Plaintiff's medical record. Given that Defendants failed to use the attained records anywhere in its multiple motions for summary judgment and given that Defendants have failed to provide any additional reasons as to why the records were reasonably necessary, this claim is denied.

*Sum of Costs*

Therefore, costs are awarded as follows: $1,062.40 for deposition transcript copy costs and $692.80 for copying costs, for a total of $1,755.20. All of the Defendants' other requests are hereby denied.

### CONCLUSION

Plaintiff's plea of indigence fails under the Seventh Circuit's rigorous standard. Defendants' claim for costs is valid. However, the recoverability of Defendants' costs under Rule 54(d) and 28 U.S.C. § 1920 is curtailed pursuant to this Court's discretionary authority. Defendants' claim for costs is adjusted to reflect this Court's findings: Defendants are awarded a total of $1,755.20.

Dated: March 11, 2009

JOHN W. DARRAH
United States District Court Judge